UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

# CRIMINAL MINUTES - GENERAL

| Case No. | CR 05-696-CAS | Date | January 11, 2013 |
|---|---|---|---|

| Present: The Honorable | CHRISTINA A. SNYDER |
|---|---|
| Interpreter | N/A |

| Catherine Jeang | Not Present | Elizabeth Yang, Not Present |
|---|---|---|
| *Deputy Clerk* | *Court Reporter/Recorder, Tape No.* | *Assistant U.S. Attorney* |

| U.S.A. v. Defendant(s): | Present | Cust. | Bond | Attorneys for Defendants: | Present | App. | Ret. |
|---|---|---|---|---|---|---|---|
| MANUEL ESTRADA ROCHA | NOT | X | | MYRA SUN, DFPD | NOT | X | |

| Proceedings: | (**In Chambers:**) DEFENDANT'S MOTION FOR RETROACTIVE APPLICATION OF SENTENCING GUIDELINES TO CRACK COCAINE OFFENSE (Docket #36, filed July 23, 2012) |
|---|---|

     On November 7, 2005, pursuant to the defendant's guilty plea to one count of intentionally distributing more than 50 grams of crack cocaine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(iii), the Court sentenced defendant to a mandatory minimum sentence of 120 months. The applicable guideline range for defendant's sentencing was 121 to 151 months, which was based on 137.12 grams of crack cocaine, a three-level adjustment for acceptance of responsibility, and a criminal history category IV.

     On December 27, 2011, defendant filed a motion to reduce his sentence to 84 months pursuant to the Fair Sentencing Act ("FSA"), 124 Stat. 2372. On March 5, 2012, the Court denied defendant's motion. On July 16, 2012, defendant filed a second motion to reduce his sentence pursuant to the FSA and the Supreme Court's recent ruling in <u>Dorsey v. United States</u>, 132 S.Ct. 2321 (2012).

     Under binding Ninth Circuit case law, this motion fails because defendant was sentenced prior to August 3, 2010, the FSA's date of enactment. <u>United States v. Baptist</u>, 646 F.3d 1225, 1229 (2011) ("Like every other circuit court to have considered this question, we can find no evidence that Congress intended the Fair Sentencing Act to apply to defendants who had been

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CRIMINAL MINUTES - GENERAL**

sentenced prior to the August 3, 2010 date of the Act's enactment.").[1]  Although the Supreme Court in <u>Dorsey</u> held that FSA's lenient penalties applied to defendants sentenced after August 3, 2010, even if their offense was committed prior to August 3, 2010, <u>Dorsey</u> does not call into question the Ninth Circuit's binding precedent in <u>Baptist</u>.  It is true that the Supreme Court in <u>Dorsey</u> expressed concern with producing "a crazy quilt of sentences," but it also recognized that disparities are often created "whenever Congress enacts a new law changing sentencing." <u>Id</u>. at 2334 – 2335.

In accordance with the foregoing, defendant's motion to reduce his sentence is DENIED.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Deputy Clerk | | CMJ | |

---

[1] Defendant argues that <u>Baptist</u> is distinguishable because it considered a direct appeal of a sentence, not a motion to reduce a sentence pursuant to 18 U.S.C. § 3582(c).  It is unclear why this difference in procedural posture would render <u>Baptist</u> inapplicable.  In both procedural contexts, the question is whether the FSA applies to a defendant sentenced before August 3, 2010, and the Ninth Circuit in <u>Baptist</u> has made it clear that the answer to this question is "no."